## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

In re:

     Daniel Steve Brewster,
             Debtor.

Case No.  17-74389-FJS

Chapter 13

## MOTION FOR SANCTIONS AGAINST JOHN W. TRIPP, ESQ.

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, pursuant to Fed. R. Bankr. P. 9011, 11 U.S.C § 105(a), and this Court's inherent powers, moves the Court to sanction debtor's attorney John W. Tripp, Esq., for the reasons set forth below.

1.      The United States Trustee for Region Four, which includes the Eastern District of Virginia, is charged, pursuant to 28 U. S. C. § 586(a)(3) with monitoring and supervising the administration of cases commenced under Chapters 7, 11, 12, and 13 of the Bankruptcy Code.

2.      11 U.S.C. § 307 provides that the United States Trustee may appear and be heard on any issue in any case. Fed. R. Bankr. P. 9014 and 9020 govern this Motion.

3.      The United States Trustee served this Motion on Mr. Tripp, pursuant to Fed. R. Bankr. P. 7004 by U.S. Mail on June 13, 2018. The U.S. Trustee also provided Mr. Tripp a copy of the Motion by email on the same date.

## FACTUAL BACKGROUND

4.      John W. Tripp, Esq. is counsel for the debtor in this case. He is a member of the Bar of this Court, and a registered user of this Court's Case Management / Electronic Case Filing ("CM/ECF") System.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

5.      Mr. Tripp regularly represents debtors in his practice before this Court.

6.      Mr. Tripp is the sole attorney with the Tidewater Law Group. He is assisted in his practice by Ashley Simmons, whose title is "Senior Paralegal."

7.      According to Mr. Tripp, Ms. Simmons is the only paralegal working for Tidewater Law Group.

8.      Daniel Steve Brewster filed a voluntary petition in this Court under chapter 13 of the United States Bankruptcy Code on December 11, 2017.

9.      On December 22, 2017, the debtor, by counsel, moved for an extension of the deadline to file a chapter 13 plan, statements and schedules. (Dkt. 11).

10.     The Court granted the debtor until January 8, 2018 to file a chapter 13 plan, and until January 10 to file schedules and statements. (Dkt. 12).

11.     On January 8, 2018, the debtor, by counsel, filed a Motion seeking to extend the deadline to file a chapter 13 plan to January 10.

### *January 10, 2018: The 11th Hour Filings*

12.     On the evening of January 10, 2018, Ms. Simmons had an ongoing email exchange with the debtor, in an effort to complete his Schedules, Statements, and Chapter 13 Plan for the first time, all of which were due to be filed with the Court that day. The emails are attached as Exhibit A.

13.     Mr. Tripp was not copied on any of the emails between Ms. Simmons and the debtor.

14.     At 4:58PM, Ms. Simmons wrote to the debtor: "I greatly apologize for the delay, I need you to be on stand by to receive your schedules and plan tonight for review. You will not have to worry about faxing the endorsements back to me, you may simply give me authorization

via mail to file your paperwork after you have received it." (Ex. A).

15.     At 10:07 PM, after numerous emails back and forth with the debtor, Ms. Simmons

sent an email to the debtor, explaining the terms of his Chapter 13 Plan, attaching his draft

schedules and plan, and stating: "Please review. If true and accurate to the best of your

knowledge, email me approval for your electronic signature and filing with the Court tonight."

(Ex. A).

16.     At 10:21 PM, the debtor emailed Ms. Simmons, stating "I think I signed them

with docusign…" (Ex. A). The email included no attachments.

17.     At 10:42 PM, Ms. Simmons filed the debtor's Schedules and Statements using

Mr. Tripp's CM/ECF access. (Dkt. 15).

18.     At 10:43 PM Ms. Simmons filed the debtor's Chapter 13 Plan and Related

Motions, using Mr. Tripp's CM/ECF access. (Dkt. 16).

19.     The debtor had not signed any of these documents as required.

20.     The filings include the "/s/" electronic signature of the debtor, indicating to this

Court that the debtor had signed the documents, where indicated. (Dkt. 15, pp. 25, 31, and 37 of

38); (Dkt. 16, p. 5 of 12).

21.     Mr.  Tripp did not review the plan, statements, or schedules with the debtor prior

to their filing.

### The U.S. Trustee inquires…

22.     On February 28, 2018, United States Trustee requested from Mr. Tripp documents

bearing the debtor's original signature.

23.     On March 2, 2018, Ms. Simmons emailed the debtor, stating: "The emails below

are from when you reviewed and 'docusigned' your schedules and plan on January 10th.  The

'docusign' attachments were not attached to the email for some reason, I need those attachments for your file; can you please send those to me today?" This email is attached as Exhibit B.

24.     This March 2 email was the first time anyone at Mr. Tripp's office had attempted to confirm that the debtor had, in fact, signed the documents filed on January 10, 2018.

25.     On March 3, 2018, Mr. Tripp wrote to the undersigned Assistant U.S. Trustee and Chapter 13 Trustee R. Clinton Stackhouse, Jr. to explain that "Mr. Brewster, who lives on the Eastern Shore was unable to keep his appointment to review and sign his schedules and plan. Mr. Brewster was advised to review and sign the copy which was email to him and scan the signed documents back to my office. He emailed the documents to my office along with an email indicating he had signed the documents with DocuSign. Upon receipt of the documents and email, Mr. Brewster's schedules and plan were immediately filed." This letter is filed herewith as Exhibit C.

26.     In his letter, Mr. Tripp further explains that the filing of the debtor's papers without appropriate signatures "was not in anyway an attempt on the Debtor's or my part to circumvent the process or Local Rules, it was an inadvertent violation of the Local Rules nonetheless." (Ex. C).

27.     The debtor was not advised to review and sign the documents, scan them, and return them to Tidewater Law, as Mr. Tripp stated in his letter. The debtor was advised that he could email his approval to Ms. Simmons for her to file the documents with his electronic signature.

28.     Mr. Tripp's filing was not "an inadvertent violation."

29.     On May 9, 2018, Mr. Tripp was examined under oath by the U.S. Trustee, pursuant to Fed. R. Bankr. P. 2004.

4

30.     According to his testimony, Mr. Tripp authorized Ms. Simmons to inform the debtor that, because he lived on the Eastern Shore, Tidewater Law could file the debtor's schedules, statements, and plan without him coming to their office to sign them.

31.     According to his testimony, Mr. Tripp knew, at the time of the January 10 filings, that he did not have the debtor's signature on the filed documents.

32.     According to his testimony, Mr. Tripp knew, at the time of the January 10 filings, that the rules of this Court required him to have the debtor's signature on the documents prior to filing them.

### *Mr. Tripp's Explanation to this Court*

33.     On March 6, 2018 Mr. Tripp attended a hearing before this Court on a motion to vacate an order dismissing the case. A transcript of the hearing is attached as Exhibit D.

34.     During the hearing, the Chapter 13 Trustee, by counsel, expressed to the Court the trustee's concern that Mr. Tripp had filed the debtor's Chapter 13 Plan without first obtaining the debtor's wet signature on the document. (Ex. D, 2-3).

35.     At that hearing, the following exchange took place:

JUDGE SANTORO: What's the story on the signature, Mr. Tripp?

MR. TRIPP: Your Honor, he had signed his initial schedules or initial petition in the plan in the office. He had an extension. That passed, and his plan was due. Generally, my policy is if – I'll allow them to sign the petition on the thing by email if I've witnessed the signature previously as a signature. [1] Unfortunately, it was sent over to him. He signed it with docu –

JUDGE SANTORO: … is that consistent with our rule? Don't you have to have a wet signature on these things?

MR. TRIPP: What we actually asked him to do is we have them sign

---

[1] At his Rule 2004 Examination, Mr. Tripp denied that this was his policy, and denied that it had ever been his policy.

the plan and then mail us the copy that has the wet signature.

JUDGE SANTORO: Do you have an original signature of this plan –

MR. TRIPP: No, not on –

JUDGE SANTORO: -- in your files?

MR. TRIPP: Not on the plan. No, sir.

JUDGE SANTORO: Why not?

MR. TRIPP: It just didn't happen. He never got it back to us.

(Ex. D, 3-4).

## LEGAL ARGUMENT

Mr. Tripp's handling of the filings made on January 10, 2018, and his subsequent

explanations of them to the chapter 13 trustee, U.S. Trustee, and this Court, represent a failure to

abide by the standards required by this Court's CM/ECF Policy Statement, especially policies 7

(Retention Requirements) and 8 (Signatures), Fed. R. Bankr. P. 9011, and Va. R. Pro. Cond. 3.3

(Candor toward the Tribunal).[2] As a result, Mr. Tripp should be sanctioned pursuant to Fed. R.

Bankr. P. 9011, 11 U.S.C. §105, and the inherent powers of this Court.

### *The January 10, 2018 filings violate Fed. R. Bankr. P. 9011*

Fed. R. Bankr. P. 9011 governs the responsibilities of counsel when signing documents

filed with this Court, and the effect of signing those documents:

(a)    Signature

Every petition, pleading, written motion, and other paper,
except a list, schedule, or statement, or amendments thereto,
shall be signed by at least one attorney of record in the
attorney's individual name. …

---

[2] The Virginia Rules of Professional Conduct are made applicable to the conduct of attorneys practicing before this Court by Local Rule 2090-1(I). They "outline the *mandatory minimum* level of acceptable conduct for attorneys." *In re: Alvarado*, 363 B.R. 484, 490 (Bankr. E.D.Va. 2007)(citing *In re: Soulisak*, 227 B.R. 77 (Bankr. E.D.Va. 1998)).

(b)    Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

(1)    it is not being presented for any improper purpose, …

(2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011. The Rule empowers this Court to issue broad sanctions when it determines an attorney has violated the requirements outlined above. *See* Rule 9011(c). This Court has relied on Rule 9011 (along with the Court's inherent power to regulate its bar, and its equitable powers under 11 U.S.C. §105) when issuing sanctions to attorneys under similar circumstances. *See, e.g.*, *In re: Wenk*, 296 B.R. 719, 727 (Bankr. E.D.Va. 2002) ("Further, Rule 9011 imposes obligations on both attorneys and debtors to sign certain documents, and specifically prohibits attorneys from signing a debtor's name to the lists, schedules and statement of financial affairs.") (footnotes omitted); *In re: Alvarado*, 363 B.R. 484, 491 (Bankr. E.D.Va.

2007) ("Rule 9011 … prohibits the attorney from signing the debtor's name to the schedules or

statement of financial affairs. They must be signed by the Debtor as required by Rule 1008…."").

Mr. Tripp's filing of Docket Entries 15 and 16 on January 10, 2018 were  misrepresentations to

this Court, and violations of Rule 9011.

       This case bears more than a passing resemblance to *Wenk*, *supra.* In *Wenk*, counsel filed a

petition purportedly bearing a debtor's electronic signature when he did not have the debtor's

"wet signature" in his file. His reasons for doing so were that, due to a snowstorm, he was

concerned the debtor would be unable to make it to his office to sign the petition. He then

instructed his paralegal to file the petition with the debtor's electronic signature, believing the

debtor would later come in and sign the physical original. *Wenk*, 296 B.R. at 722. In this case,

Mr. Tripp has explained that his client lived on the Eastern Shore and was unable to drive to

Virginia Beach on the night the filings were due. As a result, Mr. Tripp made the same decision

as the attorney in *Wenk*, and directed the filing of the documents without first obtaining the

debtor's signature. In finding that the filing in *Wenk*  was a violation of Rule 9011, Chief Judge

Tice explained:

> The Court is aware that [counsel] faced a difficult situation when he
> caused the petition to be filed on January 3. Nevertheless, this was
> not an excuse for the rules to be  bent, much less ignored. The court's
> rules are in place to provide a concrete answer in difficult situations.
> The very integrity of the judicial system depends on the court's
> ability to trust its officers to uphold such rules. Making the decision
> to sanction an attorney is one of the most grievous duties of a judge.
> However, it is nonetheless necessary when rules are violated.

*Id.* at 728. The situation faced by Mr. Tripp in this case is quite similar to the one faced by

counsel in *Wenk*. As in *Wenk*, sanctions are necessary.

### *Mr. Tripp's has not been candid*
### *with the chapter 13 trustee, the U.S. Trustee, or this Court.*

As a member of the bar of this Court, Mr. Tripp owes it a duty of candor. Va. R. Pro.

Cond. 3.3(a)(1). ( "A lawyer shall not knowingly make a false statement of fact or law to a

tribunal."). In this case, it appears that Mr. Tripp has failed that duty. Mr. Tripp's explanations to

the Chapter 13 Trustee, the U.S. Trustee, and this Court were not true.[3] In his letter to the U.S.

Trustee and chapter 13 trustee, Mr. Tripp explained that the filing was "not in anyway an attempt

on the Debtor's or my part to circumvent the process or Local Rules," and that "it was an

inadvertent violation of the Local Rules…." (Ex. C.). Mr. Tripp knew that he was required to

have the debtor's signature on the documents before filing them. He knew that he didn't have the

signatures at the time the documents were filed with this Court, and he chose to file them

anyway.[4] His actions were not "inadvertent," they were a direct and intentional circumvention of

Fed. R. Bankr. P. 9011, and this Court's CM/ECF Policy.

In his explanation to this Court, Mr. Tripp said, "What we actually asked him to do is we

have them sign the plan and then mail us the copy that has the wet signature." (Ex. D., 4). That

did not happen. Ms. Simmons instructed the debtor in two separate emails: First, she wrote,

"You will not have to worry about faxing the endorsements back to me, you may simply give me

authorization via email to file your paperwork after you have reviewed it." Later that evening,

she wrote "Please review. If true and accurate to the best of your knowledge, email me approval

---

[3] Mr. Tripp also has a duty to be truthful in his statements to others, including the U.S. Trustee and chapter 13 trustee. Va. R. Pro. Cond. 4.1(a). ("In the course of representing a client a lawyer shall not knowingly make a false statement of fact or law…."

[4] The only other alternative is that Ms. Simmons made these filings without Mr. Tripp's supervision. Mr. Tripp has denied that possibility, but has produced no emails or other documents supporting his testimony that he reviewed and authorized the filing of the debtor's schedules, statements, and chapter 13 plan on the night of January 10, 2018. Either way, the responsibility to ensure that the filings complied with the Rules of this Court was Mr. Tripp's alone.

for your electronic signature and filing with the Court tonight." (Ex. A).[5] She did not request a

wet signature from the debtor. Mr. Tripp's representation to this Court was false.

Further, Mr. Tripp's explanations to the chapter 13 trustee, the U.S. Trustee, and

ultimately this Court, lack the candor required of him by Va. R. Pro. Cond. 3.3 and 4.1(a). Mr.

Tripp's initial explanations suggested that the filings were an "inadvertent violation" of the

signature requirements, when, in fact, they were an intentional end-run to accommodate last-

minute filings made on behalf of a client located over an hour away from his office. His

explanation that he had requested the debtor return the original signed documents to his office,

but that they simply didn't show up, is untrue. He never made such a request. Instead, Ms.

Simmons specifically instructed the debtor that he would merely have to authorize her to make

the electronic filings on his behalf.

Mr. Tripp's intentional violation of the Federal Rules of Bankruptcy Procedure and the

rules of this Court, coupled with his less-than-fully honest explanations, warrant discipline from

this Court, pursuant to Fed. R. Bankr. P. 9011 and its inherent power to regulate members of its

bar. Mr. Tripp's continued privilege to practice as a member of the bar of this Court should be

suspended for a period of not less than six months, or, if appropriate, revoked.[6] Mr. Tripp's

privilege to utilize the CM/ECF system of this Court should be suspended for a period of not less

than six months, or, if appropriate, revoked.

---

[5] At his Rule 2004 Examination, Mr. Tripp testified that the decision to so instruct the debtor was his, and that he authorized Ms. Simmons to send those emails at the time they were sent.

[6] Mr. Tripp is the subject of a separate motion by the U.S. Trustee seeking his suspension or removal from the bar of this Court in *In re: Alicia Ann Mahar*, Case No. 16-74022-SCS. The trial of that matter is currently scheduled for September 18, 2018. The U.S. Trustee will request, by separate motion, that these matters be consolidated for hearing to aid this Court in its determination of the appropriate sanction to be imposed on Mr. Tripp.

WHEREFORE the U.S. Trustee prays that the Court enter an Order sanctioning John W. Tripp in an amount appropriate to deter further violations of Fed. R. Bankr. P. 9011, and removing or, in the alternative, suspending him from the roll of attorneys admitted to the bar of this Court and those permitted to use the CM/ECF system of this Court for a period of not less than six months, or until such time as he has proven to this Court his ability to understand and abide by Fed. R. Bankr. P. 9011, and for such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

JOHN P. FITZGERALD, III
ACTING UNITED STATES TRUSTEE
REGION FOUR

By:  /s/ Kenneth N. Whitehurst, III

Kenneth N. Whitehurst, III
Assistant United States Trustee

11

CERTIFICATE OF SERVICE

I certify that on July 5, 2018, service on all attorney Users in the case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.


/s/ Kenneth N. Whitehurst, III
Kenneth N. Whitehurst, III

CERTIFICATE OF COMPLIANCE WITH FED. R. BANKR. P. 9011

I certify that on June 13, 2018, service of this Motion was made on respondent John W. Tripp, Esq. by U.S. Mail, postage prepaid, addressed as follows:

John W. Tripp
Tidewater Law Group
468 Investors Place, Suite 202
Virginia Beach, Virginia 23452

and by email, to jtripplaw@aol.com


/s/ Kenneth N. Whitehurst, III
Kenneth N. Whitehurst, III